FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 1 5 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ARMAND JAMES,

               Plaintiff,

      -against-

SUPERINTENDENTS RICKEY
BARTLETT, JOHN LEMPKE, DENNIS
BRESLIN; MRS. JENNIFER OSBOURNE;
SGT. R. SIMONSON; C.O. MOSKO; and
C.O. WILLIAMS,

               Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

11-CV-4182 (NGG) (CLP)

NICHOLAS G. GARAUFIS, United States District Judge.

    Plaintiff Armand James, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915, Plaintiff's request to proceed in forma pauperis is granted. The court dismisses Plaintiff's claims against Defendants Rickey Bartlett ("Bartlett"), John Lempke ("Lempke"), and Dennis Breslin ("Breslin"). Plaintiff's remaining claims are referred to Magistrate Judge Cheryl L. Pollack as set forth below.

## I. FACTS

    Plaintiff is currently incarcerated at Southport Correctional Facility in Southport, New York. (Compl. (Docket Entry # 1) at 2.) Prior to his transfer to Southport Correctional Facility, Plaintiff was housed at three other prisons: Arthur Kill Correctional Facility ("Arthur Kill"), Fishkill Correctional Facility ("Fishkill"), and Five Points Correctional Facility ("Five Points"). (Id. at 4, 6-11.) On August 25, 2011, Plaintiff filed his Complaint, pursuant to 42 U.S.C. § 1983, alleging that Defendants at each of these three facilities subjected him to harassment, retaliation, and excessive force in violation of his constitutional rights. (Id.)

Plaintiff states that he was transferred from another facility[1] to Arthur Kill on March 22, 2011. (Id. at 4.) He alleges that, shortly after his arrival, counselor aid Defendant Jennifer Osbourne and another member of the counseling staff began threatening and harassing Plaintiff, including by repeatedly telling him that he "smell[ed] like shit." (Id. at 3-4.) Plaintiff alleges that he filed at least one grievance against Arthur Kill counseling staff, and that he attempted to file an additional grievance. (Id. at 6.) When he went to the Grievance Office to do so, he was told to leave and approached by a sergeant who told Plaintiff that "Osborne was married to a corrections officer, and that this officer is a good friend of [the sergeant, and] they were going to teach [Plaintiff] a lesson." (Id.) Plaintiff alleges that he was then "pushed and dragged" to the Special Housing Unit ("SHU"), where he was threatened further. (Id.) Plaintiff states that he remained in the SHU until his transfer to Fishkill in May 2011. During that time, he claims that multiple corrections officers "verbally abused" him, "thr[ew his] food to the ground," and refused to permit him to "shower for days." (Id. at 7.)

Plaintiff states that he was transferred to Fishkill on May 8, 2011. (Id. at 8.) When Plaintiff arrived, Defendant Sergeant R. Simonson, "along with his fellow officers drag[ged him] out the van after swinging [his] feet to get out. [Plaintiff] was drag[ged] and beaten into the doormain [sic], screaming at the top of [his] lungs." (Id.)

On May 17, 2011, Plaintiff was transferred from Fishkill to Five Points. (Id. at 9.) He claims that, at Five Points, Defendant Mosko "slammed [Plaintiff's] head against the gate with a direct impact to the nose . . . . [Plaintiff] was then grab[bed] by [his] hair and drag[ged] to the floor by [his] dreads and drag[ged] down the hall by [his] dreads while the[y] kicked and stomp[ed him] repeatedly." (Id.) He further alleges that another senior officer pulled a knife on

---

[1]   Plaintiff appears to allege that, prior to his arrival at Arthur Kill, he was incarcerated and receiving treatment at the Willard Drug Treatment Center ("Willard").

2

Plaintiff and said that "he should cut [Plaintiff's] face, because [Plaintiff is] a snitch and that['s] what snitches get." (Id. at 10.) Plaintiff states that he continued to face abuse from corrections officers and other prison staff, and "was threatened with a new charge" for reporting his injuries. (Id. at 10-11.) Plaintiff claims that this treatment was in retaliation for a "petition that [he] filed against the Superintendent" of one of the facilities. (Id. at 10.)

Plaintiff was transferred from Five Points to Southport Correctional Facility on July 19, 2011. (Id. at 11.) He seeks monetary damages and declaratory relief. (Id. at 5.)

## II. LEGAL STANDARD

An action by a prisoner against a governmental officer shall be dismissed if the plaintiff's complaint is "(1) frivolous, malicious, or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Where a plaintiff proceeds pro se, the court must construe the pleadings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Chavis v. Chappius, 618 F.3d 162, 171 (2d Cir. 2010). Application of a liberal pro se pleading standard is particularly important in cases in which the plaintiff alleges a violation of his or her civil rights. See Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191 (2d Cir. 2008) (citing McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)). A pro se complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam). Nonetheless, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citation omitted). A complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

## III. DISCUSSION

### A. Superintendents Bartlett, Lempke, and Breslin

Plaintiff brings claims against Defendants Superintendent Rickey Bartlett of Willard, Superintendent John Lempke of Five Points, and Superintendent Dennis Breslin of Arthur Kill. (Compl. at 3.) Plaintiff does not, however, claim that any of these Defendants was personally involved in the alleged deprivation of his civil rights.

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1991)); see also Blyden v. Mancusi, 186 F.3d 252, 264 (2d Cir. 1999). Where the defendant is a supervisor, at a minimum, "liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior." Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1948 (2008) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff . . . must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

4

Here, Plaintiff fails to allege facts to support a claim that Defendant Bartlett, Lempke, or Breslin was personally involved in any violation of his constitutional rights. Accordingly, Plaintiff's claims against these three Defendants are dismissed.

**B. Jennifer Osbourne**

Plaintiff alleges that Defendant Jennifer Osbourne, a counselor at Arthur Kill Correctional Facility in the Eastern District of New York, subjected him to harassment and retaliation in violation of his constitutional rights. Plaintiff's claims against this Defendant shall proceed, and the court refers this matter to Magistrate Judge Cheryl L. Pollack for pretrial supervision.

**C. Sergeant Simonson and Officer Mosko**

Plaintiff alleges that Defendants Sergeant Simonson and Officer Mosko subjected him to harassment, retaliation, and excessive force. Plaintiff states that Sergeant Simonson and others dragged him out of a van and beat him upon his arrival at Fishkill. And, Plaintiff states that Officer Mosko threatened and physically assaulted him at Five Points. This alleged conduct took place outside of the Eastern District of New York. Fishkill is located in Beacon, New York in Duchess County, which is part of the Southern District of New York; and Five Points is located in Romulus, New York in Seneca County, which is part of the Western District of New York. However, Plaintiff alleges that his treatment at both Fishkill and Five Points was in retaliation for complaints he filed while he was incarcerated at Arthur Kill, a facility that is located in the Eastern District of New York. In light of this allegation, Plaintiff's claims against Defendants Simonson and Mosko are referred to Judge Pollack for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). Judge Pollack shall advise the court whether, in light of Plaintiff's claim against Defendant Osbourne and his claims of

5

retaliation against all remaining Defendants, venue is proper as to Defendants Mosko and Simonson or whether these claims should be transferred to the Southern and Western Districts of New York, respectively.

### D. Officer Williams

Plaintiff also names Officer Williams of Five Points as a Defendant in this action. (Compl. at 3 (listing "C.O. Mosko & C.O. Williams" together as Defendant No. 5). Plaintiff does not, however, include specific allegations against Williams or mention him in any way in his statement of facts. As it stands, the Complaint does not state a claim against Williams. Even if Plaintiff's claims against Williams were proper, they would raise the same questions about venue as his claims against Mosko and Simonson do.

The court is mindful that a "a *pro se* complaint is to be read liberally" and should not be dismissed "without granting the plaintiff leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (internal punctuation omitted). Here, Plaintiff's Complaint does reference staff at Five Points who are not specifically mentioned by name. (See Compl. at 9-11.) Accordingly, once a determination as to proper venue for Plaintiff's claims against Defendants employed at facilities outside the Eastern District of New York has been made, Plaintiff may direct a motion to amend to Magistrate Judge Pollack or the presiding judge in the appropriate district court, if he so chooses.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendants Bartlett, Lempke, and Breslin are dismissed. The Clerk of Court is directed to serve a copies of the Complaint and this Order on the remaining Defendants.

      Plaintiff's claims against Defendant Osbourne shall proceed and are referred to Magistrate Judge Pollack for pre-trial supervision. As to Defendants Mosko and Simonson, Magistrate Judge Pollack shall issue a report and recommendation, advising the court whether venue is proper. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Once a determination as to venue has been made, Plaintiff may direct a motion to amend his complaint to clarify his claims against Defendant Williams to the appropriate court. Defendants Mosko, Simonson, and Williams shall have until 21 days after resolution of this issue to answer or otherwise respond to the Complaint.

      SO ORDERED.

Dated: Brooklyn, New York  
       December 14, 2011

/S/  
NICHOLAS G. GARAUFIS  
United States District Judge